Joseph J. Vitale (D.C. Bar # 430395)
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, New York 10036-6976
(212) 356-0238

Tamir W. Rosenblum
MASON TENDERS DISTRICT
COUNCIL OF GREATER NEW YORK
520 Eighth Avenue, Suite 650
New York, New York 10018
(212) 452-9451

COUNSEL FOR DEFENDANT

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
-------------------------------------------------------------x

DANNY ATTENBOROUGH, ET AL.,

                    Plaintiffs,         Misc. # 1:06-MC-00006-JR

   - against -

CONSTRUCTION AND GENERAL
LABORERS LOCAL 79,
[business address: 520 Eighth Avenue
New York, New York 10018],

                    Defendant.

-------------------------------------------------------------x

## LOCAL 79'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

RECEIVED
FEB 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Defendant Construction and General Building Laborers Local 79 ("Local 79") submits this memorandum in opposition to plaintiffs' Motion to Compel. While Local 79 is not a party from whom production is sought pursuant to the present motion, Local 79 is a party in the underlying litigation in New York federal court and submits this memorandum to clarify the record regarding various factual statements contained in Plaintiffs' Motion.

In particular, plaintiffs attempt in their motion papers to create the false impression that through the two-and-a-half years during which the *Attenborough* case has been pending, they have been wrongfully denied access to union records, and thus must come to this Court to obtain such information through the alternative process of subpoenaing investigative files of the chief prosecutor and chief investigator under the Ethics and Disciplinary Procedures ("EDP") of the Laborers International Union of North America ("LIUNA").

In fact, the present motion is a last-ditch effort by plaintiffs to obtain some evidence in support of their failed claims in the *Attenborough* case, after discovery in that case failed to substantiate the averments of the complaint.

Background

LIUNA's Ethics and Disciplinary Procedures were adopted as part of the LIUNA constitution in 1995 and are binding on all LIUNA local unions, officers and members. Local 79 came into existence in 1996 (as a result of a

consolidation of various New York locals), and was thus immediately subject to the EDP[1].

Pursuant to the EDP, Local 79, its officers, and members are subject to certain rules of conduct, as well as investigative, prosecutorial, and hearing procedures implementing such rules. Robert Luskin serves as the General Executive Board Attorney ("GEB Attorney") under the EDP and prosecutes all alleged violations of the EDP rules, while Douglas Gow serves as the Inspector General, and is the principal investigative officer supplying information regarding claims for possible prosecution to Mr. Luskin. Thus, Local 79 is subject to, and, as described in greater detail below, has been the subject of investigations by the LIUNA GEB Attorney and Inspector General.

The Attenborough Case

The *Attenborough* case was brought in June 2003 by twenty-one members of Local 79 claiming that the rules established by the Local for referring members to work were being "ignored" in favor of a system of "nepotism and cronyism." Discovery related to plaintiffs' claim that the case should be certified as a class action closed on July 8, 2005 (plaintiffs motion on the class certification

---

[1] Contrary to the suggestion in Plaintiffs' Motion, at 2-3, the EDP procedures regarding the administration of Local Union hiring hall were not created in response to any misconduct at Local 79. Local 79 had not even come into existence at the time the EDP was adopted.

issue was opposed, and is still pending); and the discovery period for the case as a whole closed on December 16, 2005.

During the course of discovery, plaintiffs propounded three separate document production requests on Local 79 and subpoenaed documents from various other related entities, but with the exception of an appeal pending of the Magistrate Judge's order denying plaintiffs' motion to compel the Local to perform a statistical analysis of its members' race for their benefit, plaintiffs have no discovery motions pending before the court. During the course of this extensive discovery, plaintiffs have been provided copies of thousands of pages of hiring hall records, and have further been provided access to the complete file room at Local 79 containing records of all referrals made during the period at issue in the case. Nonetheless, almost three years into this case and with discovery over, plaintiffs have not uncovered a single instance in which the hiring hall rules were breached; let alone found evidence of a "system" in which the rules are "routinely" ignored in favor of a rule of "nepotism and cronyism." In other words, notwithstanding the plaintiffs' protestation in their Motion to Compel of having been stymied in the discovery process in *Attenborough*, they have received all of the information they requested, which has shown their case to be meritless.

Given their evidentiary predicament, plaintiffs attempted three weeks before the end of discovery in *Attenborough* to subpoena privileged and

- 4 -

confidential investigative files of the LIUNA GEB Attorney and Inspector General in the vain hope that these reform officers would have done a better job than plaintiffs in reviewing the records of the Local's hiring hall, and thus might have information to substantiate their case. While Local 79 is confident that the LIUNA reform officers have not uncovered any misconduct by the Local hiring hall (they certainly have not commenced any charges on the subject), plaintiffs have not demonstrated a "substantial need" for subpoenaed information where, as here, they have had the opportunity to conduct a full investigation of their own, and are merely looking to expropriate the work product of other counsel because their own investigation has uncovered nothing.

The GEB Attorney and Inspector General's Prior Investigation of Local 79

Finally, it is expected that plaintiffs will bring to the Court's attention that the GEB Attorney and Inspector General conducted an investigation of Local 79 in 2003 and 2004 that led to the Local being placed under International supervision and a number of officers resigning. Far from being shielded from the results of this investigation, plaintiffs, as union members, were entitled to attend the hearing at which the GEB Attorney submitted all evidence in support of the supervision, and were entitled to obtain copies of the exhibits, which plaintiff Danny Attenborough in fact requested and received. To the plaintiffs' considerable disappointment, although the hiring hall was investigated during this

process, the supervision had nothing to do with the hiring hall, as reflected by the fact that the union's referral system is not mentioned in the report upholding the supervision, or in any of the supporting exhibits.

In short, plaintiffs have received a plethora of information, but now seek to invade applicable privileges solely because the information they received in no way supports their flawed claim.

For all of the foregoing reasons, the motion to compel should be denied.

Dated: February 1, 2006

Respectfully submitted,

By: _____

Joseph J. Vitale (D.C. Bar # 430395)
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, New York 10036-6976
(212) 356-0238

Tamir W. Rosenblum
MASON TENDERS DISTRICT COUNCIL
OF GREATER NEW YORK
520 Eighth Avenue, Suite 650
New York, New York 10018
(212) 452-9451

Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Opposition to be served by FedEx upon:

>Nathaniel B. Smith, Esq.
>Law Offices of Nathaniel B. Smith
>The Trinity Building
>111 Broadway, Suite 1305
>New York, New York 10006
>
>Robert Luskin, Esq.
>Patton Boggs LLP
>2550 M Street NW
>Washington D.C. 20037

this 1st day of February 2006.

_____
Joseph J. Vitale