## Agreement

This final agreement ("Agreement") is entered into this 18th day of January, 2000, between the Laborers' International Union of North America (hereinafter referred to as "LIUNA") and the United States of America, by and through the Assistant Attorney General for the Criminal Division, James K. Robinson, and the United States Attorney for the Northern District of Illinois, Scott R. Lassar.

WHEREAS, on February 13, 1995, following extensive negotiations, the United States and LIUNA entered into an agreement, which included an agreed upon contingent consent decree, designed to ensure that LIUNA and all locals and other entities within LIUNA are rid of any corrupting influence, including the influence of organized crime;

And WHEREAS, on January 14, 1998, LIUNA and the United States extended the agreement until January 31, 1999; and thereafter entered into a new agreement effective through January 31, 2000 (collectively, the "Predecessor Agreements");

And WHEREAS, in accordance with the foregoing Predecessor Agreements, LIUNA, with the cooperation and assistance of the United States, adopted and implemented a program of internal reforms to seek the elimination of any corrupting influence within LIUNA and its affiliates and to ensure that all members of LIUNA have the opportunity freely and democratically to participate in its affairs.

And WHEREAS, the program of internal reforms (collectively, the "Internal Reform Programs") has included the adoption and implementation by the General Executive Board of LIUNA of the LIUNA Ethics and Disciplinary Procedure, the LIUNA Ethical Practices Code, the Amended Job Referral Rules, various policies designed to ensure that union funds are not used for improper purposes and that persons appointed to responsible positions are free from any corrupting

influence, and amendments to the International Union Constitution to provide for appointment of an Elections Officer to guarantee that the election of members of the General Executive Board is free, fair and democratic;

And WHEREAS the United States and LIUNA agree that the Internal Reform Programs have been effective and have achieved substantial and significant success in eliminating corrupting influence within LIUNA and ensuring that members of LIUNA may freely and democratically participate in its affairs;

And WHEREAS the United States and LIUNA agree that it is desirable that such responsible and cost-effective Internal Reform Programs should remain a component of LIUNA;

And WHEREAS the United States has given consideration for this agreement by forbearing on its right to file a civil action against LIUNA and implement the previously negotiated consent decree;

And WHEREAS the United States and LIUNA agree that this is an enforceable agreement designed to ensure the continuation of the Internal Reform Programs;

NOW, THEREFORE, LIUNA acting by and through its General Executive Board and the United States agree as follows:

1.   (a)   LIUNA shall continue to support the Internal Reform Programs established for the purpose of ensuring that LIUNA is free from any corrupting influence and that individual members of LIUNA are permitted freely to participate in its affairs, and LIUNA shall take no action that will materially impair the efficacy of the Internal Reform Programs.

(b) LIUNA shall not make any material change to the established Internal Reform Programs (a "Material Change") without securing the prior approval of the United States, which shall not be withheld unreasonably. A Material Change shall, without limitation, be deemed to include any of the following:

(1) Any change to the LIUNA Ethics and Disciplinary Procedure, the LIUNA Ethical Practices Code, the GEB Policies enforceable by the GEB Attorney or Inspector General, or any amendment to the LIUNA International Union Constitution, the Uniform District Council Constitution, or the Uniform Local Union Constitution (hereinafter "the LIUNA Constitutions") which change will materially impair the efficacy of the Ethics and Disciplinary Procedure or the Ethical Practices Code or the authority of the Elections Officer.

(2) The removal without good cause of the Elections Officer, GEB Attorney, Inspector General, Independent Hearing Officer, or Appellate Officer, or, in the event of their removal, resignation or incapacity, the appointment without the consent of the United States of a successor to any of the foregoing officers. Pursuant to Section 3 of the LIUNA Ethics and Disciplinary Procedure, the General Executive Board agrees to extend the term of the General Executive Board Attorney until the 2006 General Convention.

(3) The failure of LIUNA to furnish reasonable funding to the Elections Officer, the GEB Attorney, the Inspector General, the Independent Hearing

Officer, or Appellate Officer sufficient for them to perform their duties as set forth in the Ethics and Disciplinary Procedure, Ethical Practices Code, and LIUNA Constitutions; such funding must take into consideration reasonable budgetary constraints and priorities so as to ensure the integrity and effectiveness of the Internal Reform Programs while also recognizing LIUNA's legitimate need to maintain other programs and services for members and affiliates and to operate in a fiscally sound and prudent manner consistent with applicable provisions of the LIUNA Constitutions and with principles of fiduciary responsibility. LIUNA may continue to discuss with such officers, as LIUNA has in the past, accommodations and modifications designed to save the union cost and expense without materially impairing the efficacy of the offices.

(4)     The failure of LIUNA to fulfill its obligations or commitments set out in the LIUNA Constitutions and/or any written agreements external thereto with regard to the Elections Officer in connection with the 2001 and 2006 International Elections.

(5)     The failure of LIUNA to implement or abide by final decisions of the Inspector General, the GEB Attorney, the Independent Hearing Officer, the Appellate Officer or the Elections Officer that are within the scope of their authority under the LIUNA Constitution.

(c)     Professor Stephen B. Goldberg shall be the Elections Officer, and Robert E.

Bloch and Henry E. Murray, the Deputy Elections Officers, for the 2001 International Election. LIUNA agrees to retain an Elections Officer to run the 2006 International Election.

(d)     The budget for the conduct of the 2001 International Election and certain other matters related to the 2001 International Election as well as the mechanism for review of the decisions of the Elections Officer shall be determined by the parties prior to January 14, 2000, and the agreed terms shall become a part of this agreement, binding upon the parties and the Elections Officer, Inspector General, General Executive Board Attorney, Independent Hearing Officer, and Appellate Officer.

2.      If the United States concludes that LIUNA is in breach of this Agreement, the United States will provide written notice thereof and, unless the United States concludes reasonably and in good faith that an emergency situation exists, it shall give LIUNA fifteen (15) calendar days to cure the breach. LIUNA agrees to stay implementation of any disputed change immediately upon receiving written notice from the United States. If the United States concludes that LIUNA has failed to cure the breach within fifteen (15) calendar days, or if an emergency situation exists, the United States shall have the right to seek judicial enforcement of LIUNA's obligations through the filing of an appropriate complaint for injunctive and other appropriate relief (the "Enforcement Litigation"). LIUNA shall also have the right to seek judicial enforcement of this agreement in the event of a breach by the United States, which litigation shall be brought in the United States District Court for the Northern District of Illinois in accordance with subparagraph (f), below. In the event that the United States commences Enforcement Litigation:

(a) LIUNA hereby agrees to accept service of process in the Enforcement Action accomplished by certified mail, return receipt requested, upon both the GEB Attorney and the LIUNA Inspector General; and

(b) LIUNA hereby waives any challenge to venue and to personal jurisdiction over the Enforcement Action in the United States District Court for the Northern District of Illinois; and

(c) LIUNA hereby agrees that a demonstrated breach of its obligations under this Agreement shall constitute irreparable harm to the interests of the United States, that the United States has no adequate remedy at law, and that the United States is entitled to injunctive relief requiring compliance with this Agreement; and

(d) LIUNA hereby agrees that the only issue to be adjudicated in the Enforcement Litigation is, with respect to paragraph 1(a), whether it has materially complied with its obligations under paragraph 1(a) or, with respect to paragraph 1(b), whether the proposed change to the Internal Reform Programs is a Material Change within the meaning of this Agreement; and

(e) LIUNA hereby agrees to stay implementation of any disputed change pending entry of final judgment in the Enforcement Litigation, and consents to the entry of an interlocutory injunction enjoining any disputed change pending final adjudication in the Enforcement Litigation; and

(f) LIUNA agrees that under the Local Rules of the United States District Court for the Northern District of Illinois, all of the conditions for relatedness are met with respect to any Enforcement Litigation and *United States and LIUNA v. Construction*

*and General Laborers District Council of Chicago and Vicinity*, No. 99 C 5229 (N.D. Ill.), and that LIUNA will not oppose a motion for relatedness brought by the United States.

3. Representatives of LIUNA shall continue through the 2006 general election to meet and confer, on a periodic basis, with representatives of the United States and to submit periodic reports of LIUNA's progress and activities at the request of the United States. LIUNA shall furnish without delay any information the United States deems necessary to the exercise of its rights under this Agreement. The government shall continue to provide lawful assistance and cooperation to representatives of LIUNA in working to achieve the goals of this Agreement and the Internal Reform Programs.

4. This Agreement constitutes the whole, complete, and entire understanding of the parties with respect to all matters recited herein. This Agreement shall not be subject to alteration, modification, or amendment whatsoever except by writing, signed by both parties and approved by LIUNA's General Executive Board.

5. This Agreement shall expire on September 30, 2001, or after certification of the 2001 general election, whichever is later, except that:

(a) LIUNA's obligation to comply with the duly authorized rules, procedures and decisions of the Elections Officer for the conduct of the 2001 and 2006 nomination/election of Convention delegates, the 2001 and 2006 General Convention, and the 2001 and 2006 nomination and election of the General Executive Board shall remain enforceable in accordance with paragraph 2 of this

Agreement through such time as the Elections Officer shall certify the foregoing elections; and

(b)     LIUNA shall not prior to the 2006 General Convention make any Material Change to the established Internal Reform Programs. Any such action shall remain subject to the provisions of paragraphs 1 and 2 of this Agreement.

(c)     The General Executive Board agrees to support the Internal Reform Programs through the 2006 General Convention and further agrees that it shall not directly or indirectly offer, solicit, sponsor, or enact any resolution, proposal, constitutional amendment or take any other action through the 2006 General Convention which would cause or result in any material change in the aforesaid Internal Reform Programs and that would thereby materially impair the efficacy of such programs. Any such action shall remain subject to the provisions of paragraphs 1 and 2 of this Agreement.

6.     This Agreement concerns contractual obligations only, and nothing herein shall limit or in any way waive or release any administrative or judicial civil claim, demand or cause of action, whatsoever, or any criminal matter or case, of the United States or its agencies. Moreover, this Agreement is limited to the United States Department of Justice and cannot bind any other federal agency or any state or local prosecuting, administrative or regulatory authority, except as expressly set forth in this Agreement.

7.     This Agreement is between LIUNA and the United States only. It is not intended, does not, and may not be relied on by any person or entity not a party hereto to create any rights, substantive or procedural, enforceable at law.

| | |
|---|---|
| LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO | THE UNITED STATES OF AMERICA |
| */s/ Terence M. O'Sullivan*<br>TERENCE M. O'SULLIVAN<br>General President | */s/ James K. Robinson*<br>JAMES K. ROBINSON<br>Assistant Attorney General<br>Criminal Division<br>U.S. Department of Justice |
| */s/ Carl E. Booker*<br>CARL E. BOOKER<br>General Secretary-Treasurer | |
| Vice Presidents: | SCOTT R. LASSAR<br>United States Attorney<br>Northern District of Illinois |
| MASON M. WARREN<br>VERE O. HAYNES<br>GEORGE R. GUDGER  CHUCK BARNES<br>ARMAND E. SABITONI  MIKE QUEVEDO, JR.<br>TERRENCE M. HEALY<br>RAYMOND M. POCINO<br>EDWARD M. SMITH<br>JAMES C. HALE<br>JOSEPH S. MANCINELLI<br>STEPHEN M. HAMMOND<br>JOSEPH J. LICASTRO<br>WILLIAM H. QUINN | |
| */s/ Michael S. Bearse*<br>MICHAEL S. BEARSE<br>General Counsel | |
| */s/ Robert D. Luskin*<br>ROBERT D. LUSKIN<br>General Executive Board Attorney | |