

U.S. Department of Justice

Criminal Division
*Organized Crime & Racketeering Section*

---

*Washington, D.C. 20530*

The Honorable James Robertson
United States District Judge
   for The District of Columbia
333 Constitution Avenue, NW
Washington, DC 20001

2/2/06 leave to file granted.
/s/ JRobertson
USDJ

              **Re**: Danny Attenborough v. Construction and General Laborers Local 79
                    Misc No. 1:06-MC-00006-JR

Dear Judge Robertson:

     This letter is being written at the request of Robert Luskin, the General Executive Board Attorney (GEB Attorney) of the Laborers' International Union of North America, AFL-CIO (LIUNA). The purpose of this letter is to explain the relationship between the Department of Justice and the offices of the GEB Attorney and Inspector General (IG) of LIUNA. It is our understanding that before you is a discovery request by the plaintiffs in the above referenced case to compel Mr. Luskin, his assistant, Case administrator Kendall Ludwig, and Douglas Gow, the IG of LIUNA, to produce a large quantity of investigative documents purportedly for use in the above referenced case which alleges a pattern of misconduct relating to the Local's job referral system by officials of Local 79.

     The Department of Justice believes that production of these documents will affect agreements entered into between LIUNA and the Department of Justice on February 13, 1995 (Attached as Exhibit A and hereafter referred to as "the 1995 Agreement") and extended, renewed and revised on January 14, 1998, (Attached as Exhibit B, extended on January 14, 1999) and revised and extended on January 18, 2000. (Attached as Exhibit C) The offices of GEB Attorney and IG in LIUNA were established pursuant to these agreements for the purpose of removing La Cosa Nostra as a source of influence over the affairs of LIUNA, a labor union which, according to a variety of governmental reports, has long been dominated by organized crime. As the court can see from the attached documents, the offices of GEB Attorney and IG will continue their work at least through the LIUNA international convention of 2006.

     Since the beginning of the LIUNA internal reform program pursuant to the 1995 Agreement, the efforts of the GEB Attorney and IG have been effective and have achieved substantial and significant success in eliminating corrupting influences within LIUNA. As of this date 339 individuals (158 of whom have been alleged to have ties to organized crime) have

left the union either because of expulsion resulting from disciplinary charges or because of retirement or resignation following the filing of charges. Ninety-one subordinate LIUNA organizations have been placed under trusteeship or supervision through the efforts of the reform program resulting in the removal of 436 officers, 107 of whom are believed to have had ties to organized crime. In part because of the efforts of the GEB Attorney and the IG, court oversight was established over reputed mob dominated LIUNA entities on at least two occasions: 1) The Chicago District Council in Chicago, Illinois and 2) LIUNA Local 210 in Buffalo, New York. The GEB Attorney and IG have referred 129 matters to federal, state and local law enforcement agencies for criminal investigation.

During the reform program, the Department of Justice and the Federal Bureau of Investigation have provided a large quantity of evidence to assist the reform program in its effort. Disclosure of this information was made solely for the purpose of advancing the government's interest in promoting reform of LIUNA. The reform effort is truly a law enforcement effort which was entered by willing adversaries without the necessity of litigation and its resulting expenditure of scarce judicial resources. Any broad disclosure of the kind of information provided by the government and information developed by the LIUNA reform team on its own initiative, much of it coming from persons who have provided information on a confidential basis, might inhibit the government in entering similar arrangements in the future and might deter persons from cooperating with similar reform efforts in the future. Accordingly, the Department of Justice supports the efforts of the IG and the GEB Attorney to maintain the confidentiality of the information collected and used by them and by Ms. Ludwig in their effort to cleanse the union of organized crime influence.

The Department of Justice considers the LIUNA reform program thus far to have been an unparalleled success. We thank you for considering the comments of the Department of Justice in making your decision on the motion to compel production of documents by Messrs. Luskin and Gow.

Respectfully,

Bruce G. Ohr, Chief
Organized Crime & Racketeering Section
Criminal Division

cc: Robert D. Luskin, Esq.
    Patton Boggs, LLP

Joseph Vitale, Esq.                             Nathaniel B. Smith, Esq.
Cohen, Weiss & Simon, PC                        Law Offices of Nathaniel B. Smith