# REPORT FROM THE INSPECTOR GENERAL

*Continued from previous page.*

formation that is often generated with the creation of an office such as this.

The question has arisen as to whom does the Inspector General report. The Office of the Inspector General is an independent entity whose reports go directly to General Executive Board Attorney Robert D. Luskin, and not to any officer of the Union. The Inspector General does not undertake investigations at the *direction* of any Union officer. Rather, the Inspector General depends on information received from members and other sources, which may include the International, to determine if investigation is warranted. If warranted, I will assign our experienced, former Federal investigators, who are on contact for services performed when assigned, to conduct the requisite investigations.

Anonymous letters present problems for the Inspector General in that they render us incapable of accurately assessing the reliability of the source of the information provided. If such a letter contains a significant amount of specific and detailed information, we are able to conclude that the source is credible, and, at a minimum, conduct investigation to verify or disprove the allegation(s). Just as we are eager to locate, expose, and eliminate corruption, absent specific information it places us in a position of initiating "fishing expeditions" which may create auras of suspicion around individuals, perhaps undeservedly. Still, we would rather receive anonymous letters than not have them.

I continue to remain optimistic about the future and remain committed to fulfilling the mandates of this office.

# REPORT FROM THE GEB ATTORNEY

*The Laborer* • September/October 1995

Over the past few months, we have been contacted by LIUNA members, union groups, and by the media asking us to share the results of the new disciplinary process in detail; that is, to discuss who has been charged, what the charges have been, and how the charges have been resolved. We have been told, in very clear terms, that it is not enough for us simply to invite your trust; we must earn it by giving you the opportunity to know how the new procedures have been applied to whom, and with what results.

Beginning this month, therefore, the GEB Attorney will report periodically on closed disciplinary cases; that is, those charges brought by the GEB Attorney involving individual discipline or trusteeships that have been resolved by agreement or by a decision for the Independent Hearing Officer. We have decided at this time that we will not make public charges that have been filed but not yet resolved. This is because it seems to us unfair to make public the details of charges against individuals who have not yet had an opportunity to respond or be heard by the Independent Hearing Officer. The one exception to this rule is that we *will* make public charges that involve immediate suspensions from office under the LIUNA Ethics and Disciplinary Procedure (EDP). This is because we believe that LIUNA members have an overriding interest in knowing the reasons why elected officials have been temporarily suspended from their offices.

What follows is a summary of the charges that have been brought and their disposition. Although it is only a summary, LIUNA members should know that the Ethics and Disciplinary Procedure guarantees the right of every member to review the file of any closed case. Once a case is closed, the record is transmitted by the Independent Hearing Officer to the LIUNA General Secretary-Treasurer, where it is available for review. In one instance, involving the charges against former LIUNA Vice President John Serpico, the GEB Attorney agreed to seal the record of the disciplinary proceeding, in part to protect the confidentiality of ongoing investigations. That decision was unwise; in the future, the GEB Attorney will not enter into any agreements disposing of charges that limit the right of LIUNA members to review the record in any case.

So far, no case involving individual discipline has gone before the Independent Hearing Officer for his decision. In each instance, the GEB Attorney was able to secure appropriate relief—in some cases involving an admission of liability—that fully protects the interests of LIUNA and its members without the need for a hearing. Our success reflects, we believe, the careful work that has gone into the preparation of the charges and the outstanding investigative efforts of the Office of the Inspector General.

**John Serpico.** On January 18, 1995, The General Executive Board of LIUNA endorsed the decision of General President Coia to suspend Mr. Serpico without pay pending the filing of disciplinary charges by the GEB Attorney. Mr. Serpico was later charged by the GEB Attorney with knowingly associating with members of the criminal group known as La Cosa Nostra (LCN) and permitting members and associates of La Cosa Nostra to influence the affairs of LIUNA. On June 21, 1995, Mr. Serpico resigned as an International Vice President and the disciplinary charges were dismissed.

