**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DANNY ATTENBOROUGH, *et al.*, | : |
| Plaintiffs, | : |
| v. | : Misc. Action No. 06-0006 (JR) |
| CONSTRUCTION AND GENERAL BUILDERS LABORERS LOCAL 79, | : |
| Defendant. | : |

**ORDER**

The provisions of Rule 45 of the Federal Rules of Civil Procedure requiring that document subpoenas issue from the court for the District in which the production or inspection is to be made (Rule 45(a)(2)) and then placing upon the issuing court the power (and burden) of either enforcing it or protecting the party on whom the subpoena has been served, seem anomalous in the age of electronic filing, videoconferencing, and high speed transportation between New York and Washington.  In a case like this one, they also place the issuing court in the uncomfortable position of being asked to make rulings that may impact the merits of the case pending before another judge.

The objections to document subpoenas raised by movant GEB Attorney are attorney-client privilege, work product protection, and a somewhat fuzzy public policy objection supported by a letter from the United States Department of Justice.  I am not willing to make a blanket ruling on those

objections on the record that is before me and am inclined to convene a more in-depth hearing to determine whether such objections are valid, either generally or with respect to specific classes of documents.  In the opposition filed by Local 79, however, the suggestion is made that plaintiffs' non-party discovery effort smacks of abusive discovery and that it seeks material that would in any event not be relevant to the underlying litigation.  I am in no position to evaluate that claim, but the judge presiding over the underlying case certainly is.

It is accordingly **ORDERED** that proceedings on the pending motion to compel in this Court are **stayed** for a period sufficient to permit defendant Local 79 to make appropriate objection to the court having jurisdiction of the underlying litigation.  If those objections are overruled, plaintiffs may reopen their motion to compel by filing a simple praecipe.

                                        JAMES ROBERTSON
                                    United States District Judge